IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LEE CARROLL,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>MICHAEL HENNESSY, Sheriff, et al.,<br><br>　　　　Defendant(s). | No. C 07-3040 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc # 2) |

Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights. Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that on May 1, 2007, he was placed in a safety cell for resisting officers. He had diarrhea and soiled himself. Plaintiff asked for toilet paper and clean clothes, but had to wait 45 minutes before one of the deputies gave them to him. Plaintiff was released from the safety cell that evening and asked to take a shower. He was not allowed to shower that evening on account of it being too late, nor the next day on account of it not being a shower day (inmates shower every other day). Plaintiff showered on May 3, 2007. He claims jail officials violated his Eighth Amendment rights by unnecessarily delaying him access to toilet paper and clean clothes, and a shower.

A prison official violates the Eighth Amendment only if two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994).[1]

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v.

---

[1] A pretrial detainee's conditions of confinement claim arises under the Due Process Clause, rather than the Eighth Amendment; however, the Eighth Amendment serves as a benchmark for evaluating those claims as well. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

 1 <u>Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).  For example, substantial deprivations
 2 of shelter, food, drinking water or sanitation for four or more days have been
 3 found sufficiently serious to satisfy the objective component of an Eighth
 4 Amendment claim.  <u>See</u> <u>id.</u> at 732-733; <u>see also</u> <u>Hearns v. Terhune</u>, 413 F.3d
 5 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in
 6 disciplinary segregation yard for a period of nine months, including toilets that
 7 did not work, sinks that were rusted and stagnant pools of water infested with
 8 insects, and a lack of cold water even though the temperature in the prison yard
 9 exceeded 100 degrees, enough to state a claim of unconstitutional prison
10 conditions).  In contrast, less substantial and less lengthy deprivations of such
11 necessities, or deprivations that cannot be said to amount to more than
12 inconveniences or de minimis injuries, do not satisfy the objective component of
13 the Eighth Amendment.  <u>See, e.g.</u>, <u>Anderson v. County of Kern</u>, 45 F.3d 1310,
14 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled
15 bad did not constitute infliction of pain), <u>amended</u>, 75 F.3d 448 (9th Cir. 1995);
16 <u>Hernandez v. Denton</u>, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that
17 inmate slept without mattress for one night is insufficient to state 8th Amendment
18 violation), <u>judgment vacated on other grounds</u>, 493 U.S. 801 (1989); <u>Holloway v.</u>
19 <u>Gunnell</u>, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to
20 spend two days in hot dirty cell with no water); <u>Evans v. Fogg</u>, 466 F. Supp. 949
21 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse
22 strewn cell and for two days in flooded cell).
23       Although unfortunate, plaintiff's having to wait some 45 minutes or so to
24 receive toilet paper and clean clothes was not a sufficiently substantial and
25 prolonged deprivation to satisfy the objective component of an Eighth
26 Amendment claim.  Put simply, the delay was too short to amount to a

constitutional violation. The same must be said of the delay in plaintiff receiving a shower. Plaintiff received toilet paper to clean himself and clean clothes into which to change within 45 minutes of his requesting them; that he had to wait approximately one and a half days after that to take a shower did not violate the Constitution. Cf. Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the 8th Amendment).

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

SO ORDERED.

DATED: June 18, 2007

CHARLES R. BREYER
United States District Judge